**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**


STATE OF DELAWARE )
)
)
)
v. )
) ID No. 1501018150 &
) 1501017690
ELIJAH FOREMAN, JR. )
)
Defendant. )
)
)
)

## OPINION

**Submitted:** September 7, 2016
**Decided:** December 19, 2016


*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED**.
*Upon Defendant's Requests for an Evidentiary Hearing and Appointment of Counsel*, **DENIED.**

Caroline Brittingham, Esquire, Deputy Attorney General, Department of Justice, 114 East Market Street, Georgetown, DE 19947


Elijah Foreman Jr., Smyrna, DE, *pro se*, SBI No. 00503559, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 199777

**BRADY, J.**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Before the Court is a Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") filed by Elijah Foreman Jr. ("Defendant") on September 7, 2016. On March 17, 2015, Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP"), Aggravated Possession of a Tier Four Quantity of Cocaine, Drug Dealing Cocaine, and Receiving a Stolen Firearm.[1] Defendant was sentenced on March 17, 2015 to incarceration followed by lesser levels of supervision.

Defendant did not file a direct appeal to the Delaware Supreme Court from his conviction and sentence. On June 8, 2015, Defendant filed a Motion for Modification of Sentence pursuant to Superior Court Criminal Rule 35(b). Defendant alleged a reduction of his sentence was appropriate due to his rehabilitation while incarcerated and lack of criminal history.[2] This Court denied Defendant's Motion on June 24, 2015, after finding that the guilty plea was appropriate, and the sentence imposed was reasonable.[3] Defendant filed the instant Motion on September 7, 2016. Defendant alleged the following three grounds in support of his Motion: (1) counsel was ineffective because he concealed from Defendant and the Court that he was told by another attorney that the search warrant used to find evidence used against Defendant was invalid, (2) the search that resulted in evidence being used against Defendant was illegal because the search warrant obtained by police listed an incorrect address, and (3) there was no expert examination of the drugs or firearm seized, nor was a chain of custody established.

---

[1] Sentence Order, *State v. Elijah Foreman Jr.*, No. 1501018150 (March 17, 2015).
[2] *See* Defendant's Motion for Modification of Sentence, D.I. 19 (June 8, 2015).
[3] *See* Letter, *State v. Elijah Foreman Jr.*, No. 1501018150, D.I. 20 (June 24, 2015).

## II. Facts[4]

On January 29, 2014 members of the Delaware State Police, Sussex County Governor's Task Force ("GTF"), and the Sussex Drug Unit ("SDU") received information about a stolen handgun. A confidential source provided law enforcement with the following pertinent information related to Defendant's case: a black male nicknamed "A1" was in possession of a stolen .380 caliber Ruger handgun, heroin would be found in "A1"'s possession, and "A1" drove a silver pickup truck.

GTF members were able to identify "A1" as Elijah Foreman, Jr., ("Defendant"). Law enforcement conducted surveillance of Defendant, and observed a vehicle Defendant operated at a residence located at 28503 Blueberry Lane Frankford, DE, which is owned by Defendant's father, Elijah Foreman, Sr.

Later that same day, Defendant was pulled over on DuPont Highway in Millsboro while operating the vehicle, removed from the vehicle, and taken into custody. A search of the vehicle uncovered approximately eleven grams of suspected crack cocaine separated into fourteen individual baggies, one .380 caliber round, one 9mm round, a digital scale, and small, clear plastic bags containing an unknown powdery substance.

Defendant was searched and a loaded, black .380 caliber Ruger LCP, Ser. #377-36402 was found on his person along with $2,874 in cash. Law enforcement confirmed the Ruger handgun found on Defendant was stolen after searching the NCIC database, and a field test was positive of the suspected crack cocaine.

Subsequently, a search warrant was executed at the 28503 Blueberry Lane residence, where police discovered and seized a priority mail bag containing two boxes of empty wax baggies and empty clear plastic baggies. A camouflage-colored backpack was also seized that

---

[4] The facts are adopted from the State's affidavit of probable cause submitted on January 30, 2015.

contained rice, rubber bands, plastic bags, inkpads, stamps, scissors, toothpicks, tape, and empty perfume bottles, items commonly used to package drugs. Inside Defendant's bedroom, there were 120 clear tubes containing a powdery substance.

After Defendant had been taken into custody and the 28503 Blueberry Lane residence searched, Defendant was advised of his rights under *Miranda*[5] and interviewed by law enforcement. During the interview, Defendant stated he had received the Ruger handgun from a young boy in exchange for heroin in January of 2015, and admitted that the vials found in his bedroom contained heroin.

### Defendant's Request for Appointment of Counsel

Rule 61(e)(2) allows for appointment of counsel for a movant's *timely* filed postconviction motion and, if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty, only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or such review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[6]

The Court finds no such grounds in this matter, as discussed, *infra*. Defendant has not stated a substantial claim of ineffective assistance of counsel, nor does the Court find there to be exceptional circumstances alleged in this case.

---

[5] *See State v. Aiken*, 1992 WL 301739, at *3 (Del. Super. Oct. 9, 1992) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966).
[6] Super. Ct. Crim. Rule 61(e)(2) (emphasis added).

4

**Defendant's Request for an Evidentiary Hearing**

Rule 61(h)(1) states that after considering a motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable.[7] Rule 61(h)(3) states that if it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates.[8]

After reviewing Defendant's Motion, the record of prior proceedings, and all other materials, the Court finds an evidentiary hearing is not necessary.

## III. DEFENDANT'S CLAIMS

Defendant contends that defense counsel was ineffective because counsel concealed from Defendant and the Court, a conversation with Defendant's father's attorney in which defense counsel allegedly was told the search warrant in this case was invalid. Defendant also challenges the validity of the search warrant used to obtain evidence against him. Finally, Defendant contends the State failed to complete an expert examination of the drugs and firearm seized.

## IV. PROCEDURAL BARS

Before addressing the merits of Defendant's claims, the Court must determine if any procedural bar precludes Defendant's Motion. Defendant's Motion is governed by the version of Rule 61 that took effect on June 1, 2015.[9] The Rule as applied in this case provides that a motion is procedurally barred if the motion is untimely, successive, a procedural default exists, or the claim has been formerly adjudicated.[10] Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or

---

[7] Super. Ct. Crim. Rule 61(h)(1).
[8] Super. Ct. Crim. Rule 61(h)(3).
[9] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (the Court must first address any procedural bars set forth in Superior Court Criminal Rule 61(i) in effect at the time the motion was filed).
[10] *See* Super. Ct. Crim. R. 61(i)(1)-(4).

one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[11]

Rule 61(i)(2) provides that a motion is successive if the defendant has already filed a Motion for Postconviction Relief and that a claim is waived if the defendant has failed to raise it during a prior postconviction proceeding, unless "consideration of the claim is warranted in the interest of justice."[12] Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice form violation of the movant's rights."[13] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[14]

If a procedural bar exists, the Court will not consider the merits of Defendant's postconviction claim unless Defendant can show that the exception found in Rule 61(i)(5) applies.[15] Rule 61(i)(5) provides that the procedural bars can be overcome if the movant pleads with particularity either, "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underling the charges of which he was convicted," or "a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court of the Delaware Supreme Court, applies to the movant's case and renders the convictions or death sentence invalid."[16]

---

[11] Super. Ct. Crim. R. 61(i)(1).
[12] Super. Ct. Crim. R. 61(i)(2).
[13] Super. Ct. Crim. R. 61(i)(3).
[14] Super. Ct. Crim. R. 61(i)(4).
[15] *See* Super. Ct. Crim. R. 61(i)(5).
[16] *Id.*

Defendant's Motion for Postconviction relief is procedurally barred as untimely. Rule 61(m) provides that a "judgment of conviction is final for the purposes of this rule . . . when defendant does not file a direct appeal, thirty days after the Superior Court imposes sentence."[17] Defendant's sentence was imposed by this Court on March 17, 2015. Because he did not file a direct appeal, Defendant had until April 17, 2016 to timely file a Motion pursuant to Rule 61. Defendant has not claimed the existence of any new evidence that creates a strong inference of his actual innocence of the crimes to which he pled guilty. Additionally, Defendant has failed to identify a retroactively applicable right that has been newly recognized that would render his conviction invalid, so that exception is inapplicable. Therefore, Defendant's motion is time barred.

Defendant has failed to provide any basis, and the record is devoid of any, that permit this Court to consider whether any exceptions to the procedural bars apply. Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

## V. DISCUSSION

### A. Applicable Law

Although the Court need not address the merits of Defendant's claims because they are procedurally barred, the Court will nevertheless briefly discuss Defendant's claims.

To prevail on an ineffective assistance of counsel claim as enumerated in *Strickland*, a petitioner must first show that counsel's performance was deficient, and further that the deficiency prejudiced the defendant.[18]

Under *Strickland's* first prong, judicial scrutiny is "highly deferential."[19] "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting

---

[17] Super. Ct. Crim. R. 61(m)(1).
[18] *Strickland v. Washington*, 446 U.S. 668, 687 (1984).

7

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[20]  Accordingly, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"[21]  The *Strickland* court explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[22]  A movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.[23]

Under *Strickland's* second prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.[24]  Rather, "[t]he [movant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25]  "Reasonable probability" for this purpose means a probability sufficient to undermine confidence in the outcome.[26]

*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.[27]  The Court therefore begins by analyzing whether Defendant has established prejudice.[28]

---

[19] *Id.* at 689.
[20] *Id.*
[21] *Id.*
[22] *Id.* at 690.
[23] *Id.*
[24] Id. at 693.
[25] *Id.* at 694.
[26] *Id.*
[27] *Id.* at 697.
[28] *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *Swan v. State,* 28 A.3d 362, 391 (Del. 2011) (beginning a *Strickland* analysis with the test's prejudice prong).

**B. Analysis**

There is no evidence that any alleged error on the part of Defendant's counsel caused him to plead guilty rather than proceed to trial. Further, Defendant does not allege, nor does the record reflect any evidence that, but for any of the alleged deficiencies, Defendant would have experienced a different outcome.

Defendant's first two claims, that defense counsel was ineffective because he concealed knowledge about another attorney's opinion that the search warrant was invalid, and counsel's failure to attack the validity of the search warrant, are without merit. There is no evidence that the purported conversation between Defendant's counsel and Defendant's father's counsel ever took place. The plea colloquy reflects that Defendant knowingly and voluntarily gave up certain rights, "such as the right to be presumed innocent, to question and of the State's witnesses against [Defendant], to present witnesses on [Defendant's] behalf, to testify or not as [Defendant] personally choose, and if [Defendant] were convicted to appeal any errors of law to a higher court…"[29] Further, Defendant received a positive benefit from his guilty plea, as the State dismissed eight other charges pending against Defendant.[30] Defendant acknowledged during the colloquy with the Court that his guilty plea was voluntary and that he was satisfied with his counsel's representation.[31] Absent clear and convincing evidence to the contrary, Defendant is bound by these representations.[32]

As to Defendant's remaining claim, that the State failed to complete an expert evaluation of the drugs and firearm seized, that claim is also without merit. By pleading guilty, Defendant "waived any right he had to test the strength of the State's evidence against him at trial, including

---

[29] Transcript of Plea Colloquy, *State v. Elijah Foreman, Jr.*, Id. No. 1501018150, at *10 (March 17, 2015).
[30] *See* Notice of Nolle Prosequi, D.I. 14 (March 23, 2015).
[31] Transcript of Plea Colloquy, *State v. Elijah Foreman, Jr.*, Id. No. 1501018150, at *13 (March 17, 2015).
[32] *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997).

9

the chain of custody of the drug evidence that he claims he was entitled to receive."[33]  The Court is satisfied that the colloquy engaged in by this Court with Defendant was thorough and apprised him fully of the rights being sacrificed.[34]  All grounds are procedurally barred by Rule 61(i)(1) and meritless.

## V.  CONCLUSION

For the reasons stated above, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.  Further, Defendant's requests for an evidentiary hearing and appointment of counsel are **DENIED**.


**IT IS SO ORDERED.**


_____/s/_____
**M. Jane Brady**
Superior Court Judge

---

[33] *Brown v. State,* 2015 WL 3372271, at *2 (Del. 2015).
[34] *See* Transcript of Plea Colloquy, *State v. Elijah Foreman, Jr.*, Id. No. 1501018150 (March 17, 2015).